

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# USA v. Cumberbatch

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Cumberbatch" (2006). *2006 Decisions*. Paper 1402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3587

———

UNITED STATES OF AMERICA,

v.

MAURICE CUMBERBATCH,

Appellant.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00269-1)
District Judge: Honorable Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2005

Before: ROTH, FUENTES, and GARTH, Circuit Judges.

(Filed: March 22, 2006)

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

1

Appellant Maurice Cumberbatch's response to this Court's Order dated March 1, 2005, regarding the applicability of United States v. Booker, 543 U.S. 220 (2005), requests that this Court "remand his case for reconsideration of sentence in light of the discretion now allowed under United States v. Booker." Pursuant to said Order, such a statement is to be "construed as waiving any issues related to the conviction." We therefore address only the sentencing issue.

Cumberbatch pled guilty to Count II (possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. 924(c)) and Count III (possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1)) of a three-count indictment. The District Court sentenced Cumberbatch to a total of 90 months in prison, which consisted of the statutory minimum of 60 months for Count II, possession of a firearm in furtherance of drug trafficking, and an additional 30 months calculated under the Sentencing Guidelines for Count III, possession of a firearm by a previously convicted felon.

In United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc), this Court stated that except in limited circumstances, we will presume prejudice and direct a remand for resentencing where the District Court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory. Here, Davis does not affect the 60-month sentence imposed on Cumberbatch for Count II, possession of a firearm in furtherance of drug trafficking, because the statutory minimum punishment for that offense is 60

months.  However, our review of the record in this case shows that the District Court based the 30-month sentence imposed on Cumberbatch for Count III, possession of a firearm by a convicted felon, on the Sentencing Guidelines, apparently applying them as mandatory in violation of Booker.

Having determined that the sentencing issues Cumberbatch raises are best determined by the District Court in the first instance, we will vacate Cumberbatch's sentence with regard to Count III, possession of a firearm by a convicted felon, and remand this matter for resentencing in accordance with Booker.